# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| RICO A. HICKMAN,<br>#297987, | ) | CIVIL ACTION NO. 9:13-2871-JMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| WARDEN, LEE CORRECTIONAL<br>INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed <u>pro se</u> on October 14, 2013.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 20, 2014. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on February 21, 2014, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

Petitioner thereafter filed a memorandum in opposition to summary judgment on March 24, 2014. This matter is now before the Court for disposition.[2]

---

[1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



## **Procedural History**

Petitioner was indicted in the August 2008 term of the Lexington County Grand Jury for assault and battery with intent to kill (ABWIK), assault with intent to kill (AWIK), pointing and presenting a firearm, possession of a weapon during a violent crime, criminal conspiracy, burglary in the 2nd degree, kidnapping, and armed robbery while armed with a deadly weapon. [Indictment Nos. 08-GS-32-2860 thru 2867]. (R.pp. 3, 229-232).[3] Petitioner was represented by Elizabeth Fullwood, Esquire, and Bennett E. Casto, Esquire. On January 27, 2009, Petitioner's case was called for trial and a jury was selected. Pretrial motions and matters were handled on the first day of trial. (R.pp. 1-77). On the following day, January 28, 2009, prior to testimony being taken in Petitioner's trial, Petitioner pled guilty to one count of ABWIK [Indictment No. 08-GS-32-2864] and Armed Robbery [Indictment No. 08-GS-32-2867]. See (R.pp. 78-109). Petitioner was sentenced to twenty-five (25) years for Armed Robbery and twenty (20) years, concurrent, for ABWIK. (R.pp. 108-109). The remaining charges were dismissed as part of the plea agreement. (R.p. 86). Petitioner did not appeal his convictions and/or sentences.

Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court on October 8, 2009. Hickman v. State of South Carolina, No. 2009-CP-32-4560. (R.pp. 111-128). Petitioner raised the following issues in his APCR:

---

[2](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The only indictments in the record are for ABWIK and armed robbery, for which (along with the kidnapping charge) Petitioner was originally to face trial. The remaining indictments were not part of Petitioner's plea, and do not appear to have been made a part of the record in this case.



2

**Ground One:**  Ineffective assistance of counsel:

**Ground Two:** Constitutional violations, 5th, 6th.

**Ground Three:**  Involuntary guilty plea.

(R.p. 113).

Petitioner was represented in his APCR by Ryan McCabe, Esquire, and an evidentiary hearing was held on February 3, 2011.  (R.pp. 135-217).  On December 22, 2011, the PCR Judge entered a written order denying Petitioner's APCR in its entirety.  (R.pp. 218-228).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a <u>Johnson</u>[4] petition seeking to be relieved and raising the following issue:

Whether plea counsel was ineffective in failing to investigate an alibi witness?

<u>See</u> Petition, p. 2.

Petitioner filed <u>pro se</u> response to the <u>Johnson</u> petition, raising the following issues:

**Ground One**: Counsel was ineffective in failing to investigate an alibi witnesses (Tamika Wilson and Dominque Hollins;

**Ground Two**: Counsel was ineffective in giving Petitioner incorrect sentencing advice (told him he would receive an LWOP sentence if he proceeded to trial);

**Ground Three**: Counsel was ineffective in not being prepared for trial and conducting pre-trial investigation;

**Ground Four**: Counsel was ineffective in not removing herself from Petitioner's case when the solicitor failed to provide her with the evidence she needed or when her motion to compel failed at the beginning of the case;

**Ground Five**: Prosecutorial misconduct in failing to comply with discovery;

---

[4]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see also</u> <u>Anders v. California</u>,386 U.S. 738, 744 (1967).



**Ground Six**: Involuntary guilty plea;

**Ground Seven**: Judicial misconduct/ Judge should have granted continuance to counsel who was unprepared for trial.

<u>See</u> *Pro Se* Response, Court Docket No. 18-3.

On September 5, 2013, the South Carolina Supreme Court denied certiorari and granted counsel's request to be relieved as counsel.  <u>See</u> <u>Hickman v. State</u>, Order dated September 5, 2013.  The Remittitur was sent down on September 23, 2013.  <u>See</u> Remittitur (dated September 23, 2013).

Petitioner then filed this federal habeas corpus petition, raising the following issues:

**Ground One**: Ineffective Assistance of Counsel.

**Ground Two:** Involuntary Guilty Plea.

<u>See</u> Petition, pp. 6-8 & Attachments.

### <u>Discussion</u>

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case;  <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).



# I.

In this federal Petition, Petitioner asserts that his counsel was ineffective for advising

him that, if convicted, he would be subject to a life sentence without parole (LWOP) [Ground One],

and that his plea was involuntary because it was based on this improper advice [Ground Two].  See

Petition, pp. 6-8, and Attachments.  These issues were not presented in Petitioner's PCR proceeding

by his PCR counsel.[5]  Although Petitioner did attempt to raise these issues in his *pro se* response to

the Johnson petition on appeal, he nevertheless concedes that these issues, as presented in this federal

Petition, were not raised as separate issues in his ACPR,[6] and that he also did not file a motion for

the PCR court to reconsider its order denying his APCR, even though such a motion was necessary

if he wanted to assert or preserve these claims.  Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C.

2000)[A "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not

---

[5]The PCR judge identified the following ineffective assistance of counsel claims as having been asserted by Petitioner in his APCR: 1) failure to call potential alibi witness to testify at trial; 2) involuntary guilty plea due to counsel being unprepared for trial; and 3)failure to request recusal of trial judge based on conflict of interest.  (R.pp. 221-227).  The PCR judge further found that, other than these claims, Petitioner had failed to raise any other allegations cognizable at PCR at the hearing, that Petitioner's failure to address any additional issues at the hearing indicated a voluntary and intentional relinquishment of his right to do so, and that he had therefore waived presentment of any additional issues.  (R.p. 228).

[6]While Petitioner did testify during his PCR proceedings about the advice counsel gave him regarding the potential sentence of life without parole ("LWOP") that he was facing;  (R.pp. 148, 152); see also (R.p. 169); the claims presented in this federal habeas petition, ineffective assistance of counsel and involuntary plea based on that advice, were not presented as separate grounds for relief in his PCR case. (R.pp. 221-228).  See also, n. 5, supra.  Therefore, these issues were not preserved for federal habeas review.  Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).



ruled upon by the court in its order."] (citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]; Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State of South Carolina, 424 S.E.2d 478-480 (S.C. 1992) [issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see also Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).

Since Petitioner did not make a post-trial motion to request that these issues be addressed by the PCR Court, these issues were not properly preserved in Petitioner's APCR and lower state court proceedings.[7] Although, as noted, Petitioner did attempt subsequently to raise these issues in his *pro se* brief in response to the Johnson petition on appeal, this filing did not preserve these issues for review. See Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that although Petitioner attempted to raise the issue in his PCR appeal, the issue

---

[7]The Fourth Circuit has held that, prior to the decision of the South Carolina Supreme Court in Marlar, South Carolina courts had not consistently applied the procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion. See Bostick v. Stevenson, 589 F.3d 160, 164-165 (4th Cir. 2009). Here, however, the PCR court's order was filed on December 22, 2011, well after the South Carolina Supreme Court's decision in Marlar in November of 2007. Therefore, Petitioner's failure to file a Rule 59(e) motion regarding these issues bar these claims. See Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188 (4th Cir. May 25, 2011).



was procedurally barred where PCR court did not rule on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; <u>White v. Burtt</u>, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing <u>Pruitt v. State</u>, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); <u>cf.</u> <u>Miller v. Padula</u>, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008).

Further, because Petitioner did not properly raise and preserve these issues in his APCR and state court proceedings, they are barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833



(1997); Ingram, 1998 WL 726757 at **1.  However, even though exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner argues that he should be allowed to pursue these issues because the default in this case is due to ineffective assistance of his PCR counsel.  The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default."  Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and this Court has previously held that ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not



amount to an independent constitutional violation, and is not therefore "cause" for a procedural default.  Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."];

Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

However, the Supreme Court has also recently held that Martinez provided

> that a "narrow exception" should "modify the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default."  Martinez, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons.  First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . .  Indeed, the right to counsel is the foundation for our adversary system."  Id. at ___, 132 S.Ct. at 1317.

> Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim.  Id. at ___, 132 S.Ct. at 1316, 1317.  But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review.  Id. at ___, 132 S.Ct. at 1317-1318.  That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim."  Id. at ___, 132 S.Ct. at 1318.

> Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of



counsel claim during initial-review collateral proceedings, could (were <u>Coleman</u> read broadly) deprive a defendant of any review of that claim at all. <u>Martinez</u>, <u>supra</u> at ___, 132 S.Ct. at 1316.

We consequently read <u>Coleman</u> as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." <u>Martinez</u>, <u>supra</u> at ___, 132 S.Ct. at 1318-1319, 1320-1321.

<u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1917-1918 (2013); <u>Gray v. Pearson</u>, No. 12-5, 526 Fed. Appx. 331, 332-333, 2013 WL 2451083 at * 2 (4th Cir. June 7, 2013)["The Supreme Court had previously held in <u>Coleman</u> that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish "cause" to excuse a procedural default." <u>Coleman</u>, 501 U.S. at 757. The Court established an exception to that rule in <u>Martinez</u>."].

Therefore, because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; <u>cf</u>. <u>State v. Felder</u>, 351 S.E.2d 852 (S.C. 1986); <u>Bryant v. Reynolds</u>, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); <u>Gray</u>, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause" for his default has been considered hereinbelow under the revised standard of <u>Martinez</u> and <u>Trevino</u>.

## II.

With regard to Petitioner's First Ground for relief (ineffective assistance of counsel), to qualify for the <u>Martinez</u> exception Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must



demonstrate that the claim has some merit." <u>Gray</u>, 2013 WL 2451083 at * 2. Therefore, to establish

cause Petitioner must show that his PCR counsel's representation was objectively unreasonable

during his post-conviction proceeding and that, but for his errors, there is a reasonable probability

that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the

state post-conviction matter. <u>Ford v. McCall</u>, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug.

14, 2013)(citing <u>Horonzy v. Smith</u>, No. 11-234, 2013 WL 3776372 at * 6 (D.Idaho Sept. 12,

2012)["The application of the <u>Strickland</u>[8] test in this instance means that Petitioner is required to

show that counsel's representation during the post-conviction proceeding was objectively

unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have

received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter.

This standard is a high one."].  Here, Petitioner has failed to show that his PCR counsel's

representation was objectively unreasonable and that there is a reasonable probability that he would

have received relief on his defaulted claim if it had been asserted in his state APCR.  <u>See</u> discussion,

<u>infra</u>.

Petitioner had the burden of proving the allegations in his PCR petition.  <u>Butler v.

State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 1094 (1986).  The PCR court rejected

his PCR claims, making relevant findings of fact and conclusions of law in accordance with

S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Hickman v. South Carolina</u>, No. 09-CP-32-4560.

Although the issue presented here (that counsel was ineffective for advising him that, if convicted,

he would receive LWOP) was not raised in Petitioner's APCR, a few factual findings were made in

his PCR proceedings which are relevant to his claim here.  Specifically, the PCR judge found that:

---

[8]<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).



1) Petitioner's counsel testified that Petitioner was served with the State's notice of intent to seek life without parole, which she reviewed with him; 2) counsel met with Petitioner numerous times during which she reviewed with Petitioner his version of the facts, the entirety of the discovery file, the potential sentences he was facing, and potential defenses to be used at trial; 3) Petitioner's counsel's testimony was credible; 4) Petitioner's testimony was not credible; 5) Petitioner made a voluntary and intelligent decision to enter his plea after being fully and adequately advised by competent counsel of all relevant matters; 6) Petitioner's apprehension regarding counsel's advice concerning the realistic potential sentence that Petitioner was facing LWOP was not tantamount to coercion rendering Petitioner's guilty plea involuntary; and 7) the overwhelming evidence in the record and presented through the testimony of witnesses at the hearing reflects that the plea was knowingly and voluntarily entered.  (R.pp. 225-227).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

In this case, although the state PCR court made findings regarding ineffective assistance of counsel, the actual ineffective assistance of counsel claim presented in this habeas



petition was not presented to the PCR court. Accordingly, there were no specific findings regarding an ineffective assistance of counsel claim on the basis presented here. Further, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).

Nevertheless, with respect to the ineffective assistance of counsel claims adjudicated and findings made on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim with regard to any factual findings related to this claim which, although not properly presented in his state court proceedings, may possibly be considered under Martinez and Trevino.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the



13

trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, Petitioner contends that his counsel was ineffective for advising him that he was facing a LWOP sentence and that, as a result, his guilty plea was involuntary.  However, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of Strickland and Hill.  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  Therefore, Petitioner has failed to show any substantial claim in order to overcome his procedural bar.  Gray, 2013 WL 2451083 at * 2.

Petitioner was charged with robbing a pawn business along with two (2) co-defendants, during which the store owner was beaten and shot.  Petitioner testified at his PCR proceeding that trial counsel advised him that if he went to trial, he would be convicted and probably be given a life sentence.  (R.pp. 142, 152).  Petitioner testified that he did not really know his co-defendant, Garrick Broadnax, and that he was a gang rival of the other co-defendant, Omar Rumph.



14

Both of these co-defendants were going to provide testimony at trial implicating Petitioner in the crime. (R.pp. 145-147). Petitioner also admitted that while he initially told his counsel he was innocent, that he later told her that he was guilty, although he testified that he only told her that he was guilty because she advised him to plead guilty. (R.p. 153). Petitioner also admitted that he told the Court at his guilty plea that he was guilty of the crimes. (R.p. 154). Petitioner's counsel testified that Petitioner told her that he was with his probation officer until approximately twenty minutes until 5:00 p.m. on the day in question, which would have made it impossible for Petitioner to get to Lexington by the time of the crime. However, when counsel's office investigated this claim, the Probation Officer told her that Petitioner was in his office at approximately 9:30 a.m., which was supported by their records which indicated Petitioner was there around 10:00 a.m. This information conflicted with Petitioner's story. (R.p. 167). Counsel also testified that after pretrial motions, she was able to get the Solicitor to agree to take LWOP off the table and allow Petitioner to plead to something less than a life sentence, and that she discussed this with the Petitioner. (R.p. 169).

Counsel testified that she also met with Petitioner multiple times to discuss the evidence in the case. (R.p. 170). Counsel also testified that after interviewing the State's witnesses that none of them had any information which would benefit the Petitioner. (R.p. 170). Counsel testified that Petitioner had been served with the LWOP notice and that if he was convicted, he would have gotten life without parole, and that Petitioner decided to plead guilty rather than risk life without parole. (R.pp. 170, 173). Petitioner's counsel further testified that he had not told her that he was completely innocent. (R.p. 175). Counsel testified that Petitioner admitted that he had prior knowledge of the robbery, that he had been present when it was planned, and that he gave the perpetrators the gun to use in the robbery. However, he refused to tell counsel who the third person



involved in the robbery was, if it was not him. (R.p. 183). Counsel further testified that Petitioner gave her this information on December 8, 2008, over a month before trial. (R.p. 183).

The record reflects that the plea Court also discussed the charges and possible sentences directly with the Petitioner at his plea, following which Petitioner testified that he still wished to plead guilty. (R.pp. 82-85). Petitioner also testified that he understood the rights that he was waiving to a jury trial, to confront witnesses, that his lawyer had done everything that he asker her to do, that he had no complaints against her, that he understood all conversations with his counsel, that he did not need any additional time to confer with his counsel, that he had not been pressured or coerced to plead guilty, that it was his decision to plead guilty, and that he was guilty. (R.pp. 80-89). Petitioner now argues that he would not have pled guilty if counsel had not incorrectly advised him that he was facing LWOP under South Carolina's "two-strikes" rule, where a defendant convicted of a "most serious" offense prior to the commission of a second "most serious" offense would face a mandatory LWOP sentence. See S.C. Code Ann. § 17-25-45. However, at his plea hearing, the Solicitor stated that Petitioner had a 2003 YOA sentence of distribution of crack cocaine, and then had two proximity distributions of crack cocaine convictions in 2005. While these two charges occurred on the same day, they were two separate and distinct drug offenses because they dealt with transactions in two different places - Brown Street and Ross Street, and Petitioner pled to those offenses on two separate dates. (R.pp. 96-97).

The plea court inquired into these convictions and Petitioner testified that he agreed that the State had accurately set forth his prior convictions. (R.p. 103). Petitioner has not shown that his prior 2005 state court convictions should have been treated as "one" conviction for purposes of the two-strikes statute. Cf. Bryant v. State, 683 S.E.2d 280, 283-285 (2009) [To be considered as two



separate offenses, the offenses should not be "so closely connected in point of time that they may be considered one offense", defined as offenses which share" an immediate temporal proximity"]. Therefore, Petitioner has failed to establish that trial counsel's performance was below an objective standard of reasonableness when she advised him he was facing LWOP if convicted.

Further, even if this Court were to accept Petitioner's unsubstantiated assertions regarding the facts in this case, he has shown no prejudice.  Petitioner was facing the testimony of both of his co-defendants that he was the third perpetrator, and his alibi provided to counsel did not establish that he did not commit the crime.  (R.pp. 154, 167, 175, 183).  While Petitioner now contends that he only went forward with the plea because his counsel informed him that he was facing LWOP, criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary based on being misadvised about the potential sentence that he was facing, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Petitioner has failed to show his counsel was ineffective on this  claim.

It is clear in the record that the plea court went over the facts of the case and Petitioner's rights prior to the acceptance of the plea, following which Petitioner admitted he had



committed the crime and entered his plea of guilty.  Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that  while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).  There is no basis in the record to overturn the findings of the State Court, or to find that any of Petitioner's procedurally barred claims present any substantial claim which would have provided Petitioner relief if they had been raised in his PCR proceedings, while Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.  Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000);  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Sargent, 71 F.3d at  160 [historical facts underlying guilty pleas are entitled to deference]; see Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].



Accordingly, Petitioner failed to meet his burden of proving trial counsel failed to render reasonably effective assistance; Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; and by failing to show any substantial ineffective assistance on this claim, Petitioner has failed to show cause for his procedural default on this issue. Trevino, 133 S.Ct. at 1917-1918; see Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, Petitioner also somewhat argues that he is actually innocent.  However, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004).  Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges to which he pled guilty.  See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim).  Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer

19



v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254; see also discussion, infra.

### III.

In Ground Two of his Petition, Petitioner contends that his guilty plea was not freely and voluntarily entered based on his counsel misadvising him about the maximum sentence he was facing. Since Petitioner's second ground for relief is involuntary guilty plea, the Martinez exception does not provide potential "cause" to excuse Petitioner's procedural default of that claim because it is not an ineffective assistance of counsel claim. Accordingly, Petitioner has shown no cause for his procedural default of Ground Two, and this claim is procedurally barred.[9]

In any event, Petitioner has not shown that he is entitled to relief on this issue, or that it presents any substantial claim which could allow Petitioner to overcome the procedural bar in this case. The guilty plea transcript already discussed herein clearly demonstrates that Petitioner's guilty plea was freely and voluntarily entered. Although Petitioner now contradicts his testimony from his guilty plea, his former representations as well as the findings by the judge accepting his plea, constitute a formidable barrier in this proceeding. Blackledge, 431 U.S. at 73-74. The record shows that Petitioner chose to enter a plea of guilty, and did so freely and voluntarily. Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984); U.S. v. Futeral, 539 F.2d 329 (4th Cir. 1975); Brady v. United States, 397 U.S. 742 (1970) (pleading guilty to avoid a reasonable possibility of receiving a greater sentence does not constitute a coerced plea); Boykin v. Alabama, 395 U.S. 238 (1969).

---

[9]Even so, the underlying basis for Ground Two, that Petitioner received erroneous advice that he was facing a LWOP sentence, is also the underlying basis for his ineffective assistance of counsel claim, and has been therefore addressed as such under Martinez. See discussion, supra.



The undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to the adequacy of counsel's representation, or to find that Petitioner's plea was involuntary. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; <u>Hill</u>, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pled guilty and would have insisted on going to trial].

The undersigned also does not find that any of the issues not properly raised and presented in state court provide any substantial issue or that his PCR counsel was ineffective for failing to raise them. <u>Ford</u>, 2013 WL 4434389, at * 11. Accordingly, Petitioner has not shown that he is entitled to relief on these claims, and they should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.



June 18, 2014
Charleston, South Carolina

_____
Bristow Marchant
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

