# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Rico A. Hickman, ) | |
| ) | Civil Action No. 9:13-cv-02871-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Rico A. Hickman ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel and involuntary guilty plea. (ECF No. 1) This matter is before the court on Respondent Warden of Lee Correctional Institution's ("Respondent") Motion for Summary Judgment. (ECF No. 17.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On June 18, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's motion and dismiss the Petition. (ECF No. 24.) This review considers Petitioner's Objections to the Report and Recommendation Made by the Courts ("Objections"), filed July 7, 2014. (ECF No. 26.) For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report (ECF No. 24). The court thereby **GRANTS** Respondent's motion (ECF No. 17) and **DISMISSES** the Petition (ECF No. 1).

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a recitation of the relevant facts and procedural history is

1

warranted.

Petitioner is incarcerated at Lee Correctional Institution. (ECF No. 1 at 1.) In August 2008, Petitioner was indicted by a Lexington County grand jury for assault and battery with intent to kill, assault with intent to kill, pointing and presenting a firearm, possession of a weapon during a violent crime, criminal conspiracy, burglary in the second degree, kidnapping, and armed robbery while armed with a deadly weapon. (ECF No. 24 at 2.) On January 28, 2009, Petitioner pled guilty to one count of assault and battery with intent to kill and one count of armed robbery, and was sentenced to 25 years for the armed robbery charge and 20 years for the assault and battery charge, to be served concurrently. (*Id*.) Petitioner did not file an appeal. (*Id.*)

On October 8, 2009, Petitioner filed an Application for Post Conviction Relief ("PCR") on the grounds of (1) ineffective assistance of counsel, (2) "Constitutional violations, 5th, 6th," and (3) involuntary guilty plea. (*Id.* at 2-3.) After an evidentiary hearing on February 3, 2011, the PCR judge denied Petitioner's application via written order on December 22, 2011. (*Id.* at 3.) With the assistance of counsel, Petitioner filed an appeal of the denial via a *Johnson* petition,[1] raising the following issue: "Whether plea counsel was ineffective in failing to investigate an alibi witness?" (*Id.*) In a *pro se* response to the *Johnson* petition, Petitioner raised the following issues: (1) counsel was ineffective in failing to investigate alibi witnesses, (2) counsel was ineffective in giving Petitioner incorrect sentencing advice, (3) counsel was ineffective in not being prepared for trial and conducting pre-trial investigation, (4) counsel was ineffective in not removing herself from Petitioner's case when the solicitor failed to provide her

---

[1] The Supreme Court of South Carolina "approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." *Johnson v. State,* 294 S.C. 310, 310 (1988).

2

with the evidence she needed or when her motion to compel failed, (5) prosecutorial misconduct in failing to comply with discovery, (6) involuntary guilty plea, and (7) judicial misconduct, "judge should have granted continuance to counsel who was unprepared for trial." (*Id.* at 3-4.) The South Carolina Supreme Court denied certiorari on September 5, 2013, and sent down the Remittitur on September 23, 2013. (*Id.* at 4.)

Petitioner filed this federal habeas corpus petition on October 21, 2013, alleging (1) ineffective assistance of counsel, and (2) involuntary guilty plea. (ECF No. 1 at 3.) Specifically, Petitioner alleged that incorrect advice from counsel regarding the sentence he would face if convicted caused him to plead guilty when he would not have had counsel's advice been correct. (ECF No. 1 at 16-17.) Respondent filed a Motion for Summary Judgment on February 20, 2014. (ECF No. 17.) The next day, the magistrate judge entered a *Roseboro* order[2] advising Petitioner of the importance of a summary judgment motion and the need to file an adequate response. (ECF No. 19.) Petitioner filed a Response to Respondent's Summary Judgment on March 24, 2014. (ECF No. 21.) The magistrate judge filed the Report on June 18, 2014, recommending the court grant Respondent's motion and dismiss the Petition. (ECF No. 24 at 21.)

The magistrate judge found Petitioner's claims to be procedurally barred because the specific claims in the Petition were not raised as separate issues in Petitioner's PCR Application and were not preserved in a motion to reconsider the denial of the PCR. (*Id.* at 5-6.) As these issues were not properly pursued and exhausted in state court, the magistrate judge reasoned, the claims are precluded from federal habeas review absent a showing of cause and prejudice or of actual innocence. (*Id.* at 8, citing *Martinez v. Ryan,* 565 U.S. __, __, 132 S. Ct. 1309, 1316

---

[2] The order was entered in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide an explanation of dismissal or summary judgment procedures to *pro se* litigants.

(2012).) The Report explained that Petitioner's claim of ineffective assistance of PCR counsel could be considered cause to defeat the procedural bar, but only if the ineffective assistance of PCR counsel amounted to an independent constitutional violation. (*Id.* at 8, citing *Ortiz v. Stewart,* 149 F.3d 923, 932 (9th Cir. 1998).) Generally, ineffective assistance of counsel in a post conviction proceeding does not show cause to excuse a procedural default. (*Id.* at 8-9.) However, the Report explained, the Supreme Court in *Martinez* found a "narrow exception" to the general rule, outlining a four-part test to excuse a procedural default: (1) the claim of ineffective trial counsel was "substantial," (2) the "cause" consisted of no counsel or only ineffective counsel during state collateral review process, (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective assistance at trial claim, and (4) state law requires that ineffective assistance be raised at initial review collateral proceeding. (*Id.* at 9-10, quoting *Trevino v. Thaler,* 133 S. Ct. 1911, 1917-1918 (2013), citing *Martinez*, 132 S. Ct. at 1318-19.)

Under the first prong of the *Martinez* exception, Petitioner must demonstrate his underlying ineffective assistance of trial counsel claim has merit in order to show the claim was "substantial." (*Id.* at 10-11, citing *Gray v. Pearson,* 2013 WL 2451083 at *2 (4th Cir June 7, 2013).) To succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient, making errors so serious that counsel's performance did not meet the minimum standards set by the Sixth Amendment, and (2) that counsel's performance prejudiced the petitioner, such that the result of the trial could not be considered fair. *Strickland v. Washington,* 466 U.S. 668 (1984). To show prejudice when a petitioner has pled guilty, the petitioner must show that but for counsel's errors, he would not have pled guilty and would have gone to trial. *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). Although no specific

4

findings of fact were made by the PCR court regarding Petitioner's ineffective assistance of counsel claim as presented in his Petition, the magistrate judge reasoned that, on the facts available in the record, Petitioner cannot make a showing under the *Strickland* standard.  (ECF No. 24 at 14-19.)  The magistrate judge noted that the record showed Petitioner had met with his trial counsel multiple times to discuss the evidence in his case, that counsel had interviewed the State's witnesses and found none of them had information beneficial to Petitioner, and that counsel investigated Petitioner's alibi claim and found it to be unsubstantiated.  (*Id.* at 15.)  Further, the Report noted that the plea court discussed the charges and possible sentences with Petitioner and that Petitioner said he still wished to plead guilty and testified that counsel had done everything he requested of her and he had no complaints against her.  (*Id.* at 16.)

Petitioner argues in his Petition and Response, and again in his Objections, that counsel's advice that he would be given a sentence of life without parole ("LWOP") if convicted was incorrect, as he did not have the requisite prior convictions to mandate LWOP under South Carolina's "two strikes" rule.  (ECF No. 1 at 16-17; ECF No. 21-1 at 1-3; ECF No. 26 at 2.)  The "two strikes" rule states that a person convicted of a "most serious offense" must be sentenced to LWOP if the person has one or more prior convictions for a "most serious offense" or two or more convictions for a "serious offense."  *See* S.C. Code Ann. § 17-25-45 (West, Westlaw through 2013 Reg. Sess.).  However, the magistrate judge noted Petitioner admits he had a Youthful Offenders Act conviction for distribution of crack cocaine in 2003 and two distribution of crack cocaine convictions in 2005.  (ECF No. 24 at 16.)  Petitioner argues that the 2005 convictions should be treated only as one offense as they "arose out of incidents that are closely connected in place and time."  (ECF No. 1 at 16.)  But, the magistrate judge noted, the convictions dealt with transactions in two different places and Petitioner pled to the offenses on

two separate dates. (ECF No. 24 at 16.) As such, the magistrate judge reasoned Petitioner cannot show that counsel's advice regarding Petitioner's sentence was incorrect. (*Id.* at 17.)

The Report also concluded that Petitioner fails to show prejudice. (*Id.*) The magistrate judge reasoned that Petitioner was facing testimony by both co-defendants that he was involved in the robbery and that the alibi provided to counsel did not establish Petitioner did not commit the crime. (*Id.*) Further, the magistrate judge reasoned that Petitioner fails to show any compelling reasons why the facts Petitioner admitted to in his plea proceedings should not be considered conclusive, and therefore he cannot show he was prejudiced by pleading guilty. (*Id.* at 17-18.) Thus, the Report stated Petitioner cannot make a showing under the first prong of the *Martinez* exception to show cause for his procedural default and cannot demonstrate prejudice to excuse the default. (*Id.* at 19-20.)

The magistrate judge found that Petitioner "somewhat argues" he is actually innocent. (*Id.* at 19.) Claims of actual innocence must be based on "factual innocence not mere legal insufficiency." (*Id.*, quoting *Bousley v. United States,* 523 U.S. 614, 623 (1998).) As the Report stated, "Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence." (*Id.*) As such, the magistrate judge found Petitioner cannot make a showing of actual innocence to defeat the procedural bar to his Petition. (*Id.* at 20.)

The Report further noted that the *Martinez* exception applies only to ineffective assistance of counsel claims, and thus is not available to Petitioner on his involuntary guilty plea claim. (*Id.*) As such, the magistrate judge found Petitioner cannot show cause to excuse the procedural default on this claim. (*Id.*) The magistrate judge further noted that Petitioner has not shown he was entitled to relief on this issue, as the facts in the record showed Petitioner freely

6

and voluntarily entered into the guilty plea and the magistrate judge could find no basis in the record to overturn the state court's findings. (*Id.* at 20-21.)

Petitioner timely filed his Objections on July 7, 2014.

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). If a petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

## ANALYSIS

In this case, Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner simply repeats the arguments he outlined in his Petition (ECF No. 1) and in his Response (ECF No. 21). Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court does not find clear error and accepts the Report by the magistrate judge. Petitioner does not present any facts, other than his own unsupported conclusions and assertions,

7

in his Petition, Response, or Objections that would defeat the procedural bar against his unpreserved claims, nor does he present facts supporting his underlying claims that would compel the court to disregard the facts in the record. As the Report noted, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." (ECF No. 24 at 18, quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977).)

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the magistrate judge (ECF No. 24). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 17) is **GRANTED** and the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 15, 2014
Columbia, South Carolina

8